**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| R.M. BERRY, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS, and LOUIS PLOTH, JR.,<br><br>　　　　　　　　　　　　　Defendants. | ECF Case<br><br>Civil Action No. 4:09-cv-02530 |

[Captions continue to next page]


**MEMORANUM OF LAW IN SUPPORT OF RAYMOND WONG'S MOTION TO CONSOLIDATE, TO BE APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF HIS SELECTION OF LEAD AND LIAISON COUNSEL**


MURRAY, FRANK & SAILER LLP
Brian P. Murray
275 Madison Avenue, Suite 801
New York, NY 10016-1101
Tel: (212) 681-1818
Fax: (212) 682-1892

*Counsel for Raymond Wong*

EMERSON POYNTER LLP
John Emerson, SBOT 06602600
830 Apollo Lane
Houston, Texas 77058-2610
Telephone: (281) 488-8854
Facsimile: (281) 488-8867

*Liaison Counsel for Raymond Wong*

| | |
|---|---|
| JOSEPHINE MEDINA, Individually and On Behalf of all Others Similarly Situated,<br><br>                        Plaintiff,<br>  v.<br><br>REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS, and LOUIS PLOTH, JR.,<br><br>                        Defendants. | ECF Case<br><br>Civil Action No. 4:09-cv-02594 |
| SHANE SIMPSON, PAUL FRANK & CLAYTON SCOBIE, on Behalf of Themselves and all Others Similarly Situated,<br><br>                        Plaintiffs,<br>  v.<br><br>REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS, and LOUIS PLOTH, JR.,<br><br>                        Defendants. | ECF Case<br><br>Civil Action No. 4:09-cv-3127 |

Raymond Wong ("Movant") submits this Memorandum of Law in Support of his Motion to Consolidate, be Appointed Lead Plaintiff, and for Approval of his Selection of Lead and Liaison Counsel.

## INTRODUCTION

Raymond Wong seeks to be appointed Lead Plaintiff in the above-captioned federal securities class actions (the "Action") against Repros Therapeutics, Inc. ("Repros" or the "Company") and certain of its officers and/or directors, on behalf of a class (the "Class") of all persons who purchased the common stock of Repros between July 1, 2009 and August 3, 2009 (the "Class Period"). The action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

In Point I, Movant seeks consolidation of the above-captioned actions because they raise similar issues of fact and law. In Point II, Movant demonstrates that he is entitled to serve as Lead Plaintiff because he: (1) timely moved for appointment as Lead Plaintiff; (2) suffered the largest statutory damages in connection with his investments in Repros, and thus has a substantial financial interest in the Action; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii). In Point III, Movant argues that his selection of Murray, Frank & Sailer LLP ("Murray Frank") as Lead Counsel, and Emerson Poynter LLP ("Emerson Poynter") as Liaison Counsel for the Class, should be approved by the Court because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the presumptive Lead Plaintiff selects Lead Counsel, and Murray Frank (as well as proposed Liaison

3

Counsel Emerson Poynter) have extensive experience in litigating securities class actions and will adequately represent the interests of Movant and the absent Class members.

## PROCEDURAL HISTORY

On August 7, 2009, a securities fraud class action was filed against Repros and various other defendants, captioned *Berry v. Repros Therapeutics, Inc.*, No. 09-cv-2530 (the "*Berry* Action"). Counsel for the plaintiff in the *Berry* Action filed notice on BUSINESS WIRE, indicating that the deadline for filing of lead plaintiff motions is October 6, 2009. A copy of that notice is attached as Exhibit A to the Declaration of John G. Emerson in Support of Raymond Wong's Motion to Consolidate, to be Appointed Lead Plaintiff and for Approval of his Selection of Lead Counsel ("Emerson Declaration") submitted herewith.

On August 14, 2009, a second securities fraud class action, captioned *Medina v. Repros Therapeutics, Inc.*, No. 09-cv-02594 (the "*Medina* Action") was filed. On September 25, 2009, a third securities fraud class action, captioned *Simpson v. Repros Therapeutics, Inc.*, No. 09-cv-3127 (the "*Simpson* Action") was filed. Both the *Medina* and *Simpson* Actions allege substantially similar claims and allegations as the *Berry* Action.

## STATEMENT OF FACTS

Defendant Repros is a development stage biopharmaceutical company which focuses on the development of oral small-molecule drugs for the treatment of male and female reproductive disorders. Repros's lead drug, Proellex, was developed for the treatment of symptoms associated with uterine fibroids and endometriosis and as a pre-surgical treatment for anemia associated with excessive menstrual bleeding related to uterine fibroids.

The Complaint charges Repros and certain of its officers and/or directors with violations of the Exchange Act. The Complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the results of the clinical trial for Proellex.

On July 1, 2009, Repros issued a press release stating that the drug showed substantial promise and had minimal side effects. However, in reality, Proellex elevated liver enzymes to dangerous levels. The press release contained the following material misrepresentations and/or omissions: (i) it falsely stated that Proellex was "well tolerated" with few women discontinuing treatment due to adverse events; and (ii) it failed to reveal that the issues regarding liver enzymes could lead to the cancellation of the Proellex trials, which could lead to failure to meet the NDA target date and liquidity problems for Repros.

On July 7, 2009, Repros issued another press release that contained the following material misrepresentations and/or omissions: (i) it falsely stated that "the 25 mg and 12.5 mg doses will offer comparable efficacy benefits while providing an improved safety profile"; and (ii) it failed to reveal that the issues regarding liver enzymes could lead to the cancellation of the Proellex trials which could lead to liquidity problems for Repros.

On July 23, 2009, the truth about Proellex was partially revealed when Repros issued another press release addressing certain problems with the Proellex trials. This release, however, failed to reveal that the issues regarding liver enzymes could lead to the cancellation of the Proellex trials and falsely stating that no patients that took Proellex would require "additional treatment" for elevated liver enzyme levels. As a result of defendants' false statements, Repros's stock traded at artificially inflated prices during the Class Period.

By August 3, 2009, the extent of these problems was fully revealed, and Repros announced the cancellation of the clinical trial based in a clinically significant increase in liver

enzymes among participants. As a result of this news, the price of Repros common shares dropped over 73% from a close of $4.96 on July 1, 2009 to a close of $1.31 on August 3, 2009.

## POINT I

### CONSOLIDATION IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact. Movant asks this Court to consolidate the *Berry*, *Medina*, and *Simpson* actions, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of Repros common stock which arise out of the same facts as alleged in the above-referenced actions and allege violations of Section 10(b) and/or 20(a) of the Exchange Act.

The *Berry*, *Medina*, and *Simpson* Actions are ideally suited for consolidation, because they present virtually identical claims for relief based upon a single course of conduct, as described above. Thus, since the three cases present similar issues of law and fact, consolidation promotes judicial economy by (1) streamlining and simplifying pre-trial and discovery motions and class certification issues, and (2) reducing the waste, confusion, and delay that could result from multiple trials. Whereas here, the complaints are based on the same public statements and reports, consolidation is appropriate if the actions present common questions of law and fact. *See In re Universal Access Inc. Sec. Litig.*, 209 F.R.D. 379, 382 (E.D. Tex. 2002).

Under Section 21D(a)(3)(B)(ii) of the Exchange Act, the Court must rule on the consolidation issue before determining the Lead Plaintiff.

## POINT II

### MOVANT MEETS THE PSLRA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF

Movant should be appointed Lead Plaintiff of the Class because he has complied with all of the PSLRA's requirements for appointment as Lead Plaintiff, has demonstrated the largest financial interest of any plaintiff for the Class in the Action, and otherwise meets the relevant requirements of Fed. R. Civ. P. 23 within the meaning of the Exchange Act.

### A. The PSLRA's Procedural Requirements

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On August 7, 2009, the *Berry* Action was filed and notice was published via BUSINESS WIRE, indicating that the deadline for filing of lead plaintiff motions is October 6, 2009.

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Superior Offshore Int'l, Inc. Sec. Litig.*, No. H-08-0687, 2008 WL 2148745, at *1 (S.D. Tex. May 20, 2008); *In re Waste Management, Inc. Sec. Litig.*, 128 F. Supp.2d 401, 410 (S.D. Tex. 2000); *In re Citadel Sec. Software, Inc. Litig.*, No. 05-CV-0100, 2005 WL 1249441, at *1-*2 (N.D. Tex. May 25, 2005).

### B. Movant Has Timely Moved To Be Appointed Lead Plaintiff

As set forth above, the deadline for Class members to move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) is October 6, 2009.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Movant has signed and filed a certification stating that he has reviewed the complaint in the *Berry* Action and is willing to serve as a representative party in this Action.  *See* Emerson Declaration, Exhibit B.  In addition, Movant has selected and retained experienced and competent counsel to represent himself and the Class.  *See* résumés of Murray Frank and Emerson Poynter, attached to the Emerson Declaration as Exhibits D and E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### C. Movant Has The Largest Financial Interest Submitted By A Plaintiff For The Class

In accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)), the Court shall appoint as Lead Plaintiff the Class member or members who represent the largest financial interest in the relief sought by purchasers of Repros common stock during the Class Period.

As evidenced by the accompanying signed certification, Movant suffered losses of approximately $174,235.09 as a result of defendants' misconduct.  *See* Emerson Declaration, Exhibit C.  Accordingly, Movant has a significant financial interest in this Action.

Movant has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and and/or sale of Repros common stock during the Class Period.  Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff of the Class in this Action and should be appointed as Lead Plaintiff of the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### D. Movant Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, "only two - typicality and adequacy - directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) …."  *Universal Access*, 209 F.R.D. at 385; *Brody v. Zix Corp.*, 04-CV-1931-K (EK), 2005 U.S. Dist. LEXIS 13871, at *6 (N.D. Tex. July 11, 2005).

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff of the Class.  Under Rule 23(a)(3), the claims or

defenses of the representative parties must be typical of those of the class. Typicality exists if claims arise from the same event, practice, or course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. *See Universal Access*, 209 F.R.D. at 385-86; *Humphrey v. United Way of Texas Gulf Coast*, No. H-05-0758, 2007 WL 2330933, at *5 (S.D. Tex. Aug. 14, 2007); *Longden v. Sunderman*, 123 F.R.D. 547, 556 (N.D. Tex. 1988); *Netsky v. Capstead Mortgage Corp.*, No. 98-CV-1716, 2000 WL 964935, at *6-*7 (N.D. Tex. July 12, 2000). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]ypicality does not require identical claims or defenses, however, and similar legal theories satisfy this requirement even where significant factual distinctions are present.

*In re Reliance Acceptance Group Inc. Sec. Litig.*, No. SA-98-CA-0044 OG, 1998 WL 388260, at *4 (W.D. Tex. June 29, 1998).

Movant seeks to represent a class of all persons who purchased Repros common stock during the Class Period who have identical, non-competing, and non-conflicting interests. Movant satisfies the typicality requirement because he: (i) purchased Repros common shares during the Class Period; (ii) at prices alleged to have been artificially inflated by the materially false and misleading statements and omissions made by Defendants; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movant "arise[] from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Humphrey*, 2007 WL 2330933, at *5; s*ee also In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The adequacy of representation turns on two factors: (1) whether the

plaintiff's attorney is qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the plaintiff has interests antagonistic to the class. *See Universal Access*, 209 F.R.D. at 386; *Henry v. Cash Today, Inc.*, 199 F.R.D. 566, 569 (S.D. Tex. 2000); *Reliance Acceptance Group*, 1998 WL 388260, at *4.

Here, as evidenced by the injury suffered by Movant, who purchased Repros common stock during the Class Period, the interests of Movant are clearly aligned with other Class members, and there is no evidence of any antagonism between Movant's interests and those of the other Class members. In addition, as shown below, Movant's proposed Lead and Liaison Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Movant *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23.

Clearly, Movant satisfies all prongs of the Securities Act's prerequisites for appointment as Lead Plaintiff of the Class in this Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## POINT III

### MOVANT'S CHOICE OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. In that regard, Movant has selected and retained the firms of Murray Frank as Lead Counsel and Emerson Poynter as Liaison Counsel for the Class. Both firms have extensive experience in successfully prosecuting complex securities actions and have frequently appeared in major actions in this and other courts. *See* résumés of the firms, attached to the Emerson Declaration as Exhibits D and E.

Because there is nothing to suggest that Movant or his choice of law firms will not fairly and adequately represent the Class, or that Movant is subject to unique defenses - which is the

only evidence that can rebut the presumption of adequacy under the Act - this Court should appoint Mr. Wong as Lead Plaintiff of the Class and approve his selection of Lead and Liaison Counsel for the Class.

## CONCLUSION

Movant has timely moved to be appointed Lead Plaintiff of the Class, has the largest financial interest submitted by a plaintiff in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, the *Berry*, *Medina*, and *Simpson* Actions should be consolidated, Mr. Wong should be appointed Lead Plaintiff of the Class, and his selection of Murray Frank to serve as Lead Counsel and Emerson Poynter to serve as Liaison Counsel for the Class should be approved by the Court.

Dated:  October 6, 2009                            Respectfully Submitted,

**EMERSON POYNTER LLP**

/s/   John G. Emerson                              .
John G. Emerson "Attorney-in-Charge"
SBOT 06602600
830 Apollo Lane
Houston, Texas 77058
Telephone: (281) 488-8854
Facsimile: (281) 488-8867

   -and-

**EMERSON POYNTER LLP**
Jack T. Patterson II
SBOT  254054192
500 President Clinton Ave., Ste. 305
Little Rock, Arkansas 72201
Telephone: (501) 907-2555
Facsimile: (501) 907-2556

*Liaison Counsel for Raymond Wong*

**MURRAY, FRANK & SAILER LLP**
Brian P. Murray
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 682-1818
Facsimile:  (212) 682-1892

*Counsel for Raymond Wong*