UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R.M. BERRY, on Behalf of Himself and all Others Similarly Situated, | § § § § | CIVIL ACTION NO. 04:09-cv-2530 |
| Plaintiff, | § § | CLASS ACTION |
| v. | § § § | |
| REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS, and LOUIS PLOTH, JR., | § § § § § | |
| Defendants. | § § | |
| JOSEPHINE MEDINA, Individually and On Behalf of all Others Similarly Situated, | § § § | CIVIL ACTION NO. 4:09-cv-02594 |
| Plaintiff, | § § § | CLASS ACTION |
| v. | § § § | |
| REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS, and LOUIS PLOTH, JR., | § § § § | |
| Defendants. | § § | |
| SHANE SIMPSON, PAUL FRANK & CLAYTON SCOBIE, On Behalf of Themselves all Others Similarly Situated, | § § § § | CIVIL ACTION NO. 4:09-cv-03127 |
| Plaintiffs, | § § § | CLASS ACTION |
| v. | § § § | |
| REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS, and LOUIS PLOTH, JR., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF ABE ZEINALI'S MOTION TO
(1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF;
AND (3) APPROVE APPOINTMENT OF COUNSEL**

Movant Abe Zeinali, Ph.D. respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

(1) consolidating the above-captioned related actions;

(2) appointing Dr. Zeinali as Lead Plaintiff for the class of all purchasers of the securities of Repros Therapeutics, Inc. ("Repros" or the "Company") during the period between July 1, 2009 and August 3, 2009, inclusive (the "Class Period"); and

(3) approving Dr. Zeinali's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class and the law firm of Fineberg|Gresham as Liaison Counsel for the Class.

**INTRODUCTION AND BACKGROUND**

On August 7, 2009, the first of three putative securities fraud class actions were brought on behalf of purchasers of the securities of Repros Therapeutics, Inc. ("Repros" or the "Company") between July 1, 2009 and August 3, 2009 (the "Class Period"), against the Repros and certain of its officers and directors. All three related actions assert claims against defendants under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder, in connection with Company's issuance of misstatements and omissions about its lead drug candidate Proellex. That same day a law firm issued a PSLRA early notice advising potential class members of the

action and the October 6, 2009 deadline for class members to move this Court for appointment of lead plaintiff. A copy of the PSLRA early notice is attached to the Declaration of R. Dean Gresham filed herewith ("Gresham Decl."), as Exhibit 1.

Repros is a development-stage biotechnology company that has two primary drug candidates in development, Proellex and Androxal. Proellex was developed to treat anemia associated with uterine fibroids, chronic treatment of symptoms associated with uterine fibroids, and chronic treatment of symptoms associated with endometriosis. The related actions assert that, during the Class Period, the Company issued misstatements about serious adverse events that occurred in certain of the Company's clinical trials of Proellex. In particular, the Company failed to disclose and issued misstatements about the absence of adverse and serious adverse events in connection with liver toxicity at certain doses of Proellex in the Company's clinical trials. The related actions assert that as the truth of defendants' misstatements was learned by the market in a piecemeal fashion, this ultimately caused the price of Repros securities lose over half of its value.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege the same class period and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     DR. ZEINALI SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Dr. Zeinali satisfies all of these criteria and thus, is entitled to the presumption he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.    Dr. Zeinali is Willing to Serve as Class Representative

Dr. Zeinali has filed the instant motion and has filed with the Court a certification attesting to his willingness to serve as a representative of the class and to provide testimony at deposition and trial, if necessary. *See* Gresham Decl., Ex. 2. Dr. Zeinali has also been actively working to prosecute this action.

### B.    Dr. Zeinali Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).

Dr. Zeinali purchased 115,700 shares of Repros stock during the Class Period and suffered $56,243.42 in losses from those purchases.[2] *See* Gresham Decl., Ex. 3. Dr. Zeinali

---

[1]    *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

[2]    In determining losses for held shares, Movant use the average daily closing price of the Company's stock after the end of the Class Period to October 5, 2009-- $0.99. *See In re*

5

believed he has the largest financial interest of any class member that has made an appearance in this litigation to date. Accordingly, with total losses of $56,243.42, Dr. Zeinali satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Dr. Abe Zeinali Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Dr. Zeinali fulfills the pertinent requirements of Rule 23. His claims share substantially similar questions of law and fact with the members of the class and his claims are typical of

---

*MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

those of the members of the class. Dr. Zeinali's and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Repros' clinical trials involving Proellex. Dr. Zeinali, as did all of the members of the class, purchased Repros shares at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Dr. Zeinali and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D. Dr. Zeinali Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Dr. Zeinali as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Dr. Zeinali's ability and desire to fairly and adequately represent the class has been discussed above. Dr. Zeinali is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Dr. Zeinali as Lead Plaintiff for the class.

### III. DR. ZEINALI'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Dr. Zeinali has selected The Rosen Law Firm, P.A. as Lead Counsel and Fineberg|Gresham as Liaison Counsel. The Rosen Law Firm has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities fraud class actions on behalf of investors. *See* Gresham Decl., Exs. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Dr. Zeinali's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Dr. Zeinali's selection of The Rosen Law Firm and Fineberg|Gresham, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Abe Zeinali, Ph.D. respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing Dr. Zeinali as Lead Plaintiff of the class; (3) approving Dr. Abe Zeinali's selection of The Rosen Law Firm, P.A. as Lead Counsel and Fineberg|Gresham as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

                                            Respectfully submitted,

Dated: October 6, 2009                    **FINBERG|GRESHAM**

                                            /s/ R. Dean Gresham
                                            R. Dean Gresham, Esq. (State Bar No. 24027215)
                                            Joel M. Fineberg, Esq. (State Bar No. 07008520)
                                            3811 Turtle Creek Blvd., Suite 1900
                                            Dallas, TX 75219
                                            Tel: (214) 219-8828
                                            Fax: (214) 219-8838
                                            Email: jfineberg@fineberglaw.com
                                            Email: dgresham@fineberglaw.com

                                            [Proposed] Liaison Counsel for Plaintiffs and Class


                                            **THE ROSEN LAW FIRM, P.A.**
                                            Phillip Kim, Esq.
                                            Laurence M. Rosen, Esq.
                                            350 Fifth Avenue, Suite 5508
                                            New York, New York 10118
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: pkim@rosenlegal.com
                                            Email: lrosen@rosenlegal.com

                                            [Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this on the 6th day of October, 2009, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/   R. Dean Gresham
R. Dean Gresham